(No. 5389—

WINSTON PARK NORTHWEST CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed January 14, 1975.*

MARVIN SACKS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; BRUCE FINNE, Assistant Attorney General, for Respondent.

PERLIN, C. J.

This action was instituted in February, 1967, when claimant filed a complaint seeking compensation for damages to its property arising from the construction of a roadway by the Illinois Department of Highways in 1965 and 1966.[1] In 1956, claimant, a corporation engaged in real estate development, purchased the following described parcel of real estate in Palatine, Illinois, for purposes of residential development:

"Winston Park Northwest Unit One, being a subdivision in Section 13, Township 42, Range 10, East of the Third Principle Meridian, in Cook County, Illinois."

---

[1] In view of the lapse between the filing and disposition of this matter, the Court feels it appropriate to state that a substantial portion of the delay was occasioned by respondents failure to proffer any defense in the original proceedings, including failure to introduce either testimony or a departmental report at the hearing on October 20, 1967. Subsequently, on motion of the successor Assistant Attorney General assigned to this case, leave was granted to re-open the proceedings to permit the State to present a defense. Additional testimony and documentary evidence was received in November and December, 1969, and an amended Commissioner's report was filed on June 3, 1970. Disposition of the case was then further delayed when, because of circumstances beyond the control of this Court, it became necessary to reconstruct the transcripts and exhibits herein.

The eastern border of lots 1 through 4 of Block I, and lots 1 through 21 of Block 8 of this parcel, abutted the western edge of what was then known as Old Wilke Road, a north-south thoroughfare. In 1965, after claimant had graded the lots but before any construction thereon, the Department of Public Works and Buildings

of the State of Illinois commenced reconstruction and repaving of Old Wilke Road into a frontage road for Route 53. In the course of reconstructing the road, respondent raised the grade of Old Wilke Road, now known as West Frontage Road, approximately one foot.

Claimant contends that as a result of the rise in the grade of the road, he was compelled to raise the grade of the lots abutting the road both to prevent the lots from flooding, and to satisfy the requirements of the Village of Palatine for residential construction. Claimant seeks to recover the sum of $10,880, which was spent for landfill to bring the grade of the lots up to the grade of the reconstructed roadway.

Joshua Muss, the President of Winston Park Northwest Corporation, testified that before reconstruction of Old Wilke Road all 21 lots in Block 8 in the subdivision generally sloped from the back lot line to the east, or in the direction of the roadway, while after reconstruction of the road, he was forced to raise the grade of the lots so that water could drain off in the direction of the road.

After the lots were regraded, they were subdivided for residential construction and all had been sold to individual owners by late 1966.

Muss said that claimant paid $10,880 for the landfill utilized in bringing the lots up to grade, and a copy of the bill in that amount, which had been paid by claimant, was introduced into evidence.

Thomas Moody, an engineer who worked on construction of the subdivision for claimant, was familiar with the ordinances and practices of the Village of Palatine concerning residential construction. He testified that it was the practice of the Village to require that sidewalks, curbs, and gutters be built in all residential

developments, and that the Village further required that homes be built above the grade of the sidewalks. In developing the lots in question, claimant did construct sidewalks, curbs, and gutters along the reconstructed roadway.

Moody also said that it was necessary to regrade the lots to prevent standing water from accumulating thereon, once the grade of the roadway was raised. However, he could cite no instance of flooding after reconstruction and before the lots were regraded, and he admitted that the drains and sewers, which respondent installed along the West Frontage Road, should have been adequate to control flooding.

Alan Bobka, an engineer for the State of Illinois Department of Highways, worked on reconstruction of Old Wilke Road. He affirmed that after the road was rebuilt, the grade of the roadway at its center line was raised approximately one foot. Bobka also said that after the grade was raised, claimant would have had to purchase additional landfill to bring the lots up to the grade of the reconstructed road.

However, Bobka also testified that a portion of claimant's property was below the grade of Old Wilke Road prior to reconstruction of the roadway. Referring to a cross-sectional diagram of the area which was introduced into evidence, Bobka said that at a point fifty feet to the west of the center line of the roadway, which was within the State's right of way, claimant's lot line was lower than both the new and old pavements. He also said that at a point one hundred feet west of the center line, claimant's lots were approximately level with Old Wilke Road; and that at a point one hundred fifty feet west of the center line, claimant's property was alternatively higher and lower than the grade of the original road.

Bobka also testified as to the steps respondent took to insure that claimant's property would not flood after reconstruction of the road. Respondent deepened an already existing drainage ditch between claimant's lots and the State's right of way, and installed new catch basins in the ditch. Respondent also constructed a new sewer line on the east side of the roadway, and drained the catch basins across the road into the sewers.

Claimant bases its claim for compensation upon Article II, Section 13 of the Illinois Constitution of 1870, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

We have previously awarded compensation to landowners under this provision, where State construction on adjoining land damaged their property. See, *Dillard* v. *State*, 23 C.C.R. 139; *Doerr* v. *State*, 22 C.C.R. 314, 318. It is apparent that claimant was put to an additional expense in grading his lots as a result of reconstruction of the highway, and that compensation should be awarded. The more difficult issue, however, is what portion of the expense incurred by claimant in regrading the lots is attributable to the rise in the grade of the roadway.

The testimony and engineering drawings introduced into evidence, establish that a portion of claimant's property was below the grade of Old Wilke Road before reconstruction, and the claimant would have had to raise the grade of the property to conform to the requirements of the Village of Palatine had respondent not reconstructed the roadway. In raising the grade of the road, however, respondent did cause claimant to purchase additional fill to bring the lots up to grade. After a careful examination of the engineering drawings, the Court concludes that the respondent, in raising the grade of the

roadway, was responsible for one half of the expense incurred by claimant in bringing the lots up to the grade of the reconstructed roadway.

Claimant is therefore awarded the sum of $5,440.00.